The Honorable David Adkins State Representative, 28th District 8021 Belinder Road Leawood, Kansas 66206
Dear Representative Adkins:
You request our opinion regarding whether a district court may refuse to exercise jurisdiction in an agency adoption proceeding when the petitioners are Kansas residents and the child resided in Kansas prior to receipt of custody by the agency.
Pursuant to current Kansas law, a parent may relinquish a child to an agency, which may then consent to an adoption.[1] In an agency adoption, venue may be in the county where the petitioner resides or in the county where the child resided prior to receipt of custody by the agency, or where the child placing agency is located.[2] (Emphasis added.)
If the venue is based upon where the agency is located, K.S.A.59-2127 provides as follows:
 "(a) If the basis for venue in an agency adoption is subsection (b)(3) of K.S.A. 59-2126 [where the child placing agency is located], and the petitioner does not reside in Kansas and the child . . . did not reside in Kansas prior to receipt of custody by the agency, the court shall determine whether or not to exercise its jurisdiction under this act based on the best interests of the child. For this purpose, the court shall consider the following factors:
 "(1) If another state recently was the child's or mother's home state;
 "(2) if another state has a closer connection with the child or the child's adoptive or genetic parent or parents;
 "(3) if substantial evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another state;
 "(4) the unavailability of placement opportunities for such child within the state of Kansas; and
 "(5) any other factor the court deems relevant in its determination of whether or not to exercise its jurisdiction.
. . . .
 "(c) If the court determines not to exercise its jurisdiction, it may dismiss the proceedings, or it may stay the proceedings upon condition that an adoption proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper." (Emphasis added.)
K.S.A. 59-2127 clearly provides that a district court has discretion to decline jurisdiction in an agency adoption only if three conditions exist: (1) the basis for venue is the location of the agency, (2) the petitioner does not reside in Kansas; and (3) the child did not reside in Kansas prior to receipt of custody by the agency. If all of these conditions exist, the court may decline to exercise its jurisdiction after weighing the factors listed in the statute. It is also clear that K.S.A. 59-2127 has no application if venue is based on location of the agency and either the petitioner resides in Kansas and/or the child resided in Kansas prior to receipt of custody by the agency.
The legislative history of the Kansas Adoption and Relinquishment Act, enacted in 1990, reveals a desire that there be substantial contact with the state of Kansas either on the part of the petitioner or the child in order to use the Kansas court system.[3] K.S.A. 59-2127 was added in conference committee as a compromise to ensure that a court could decline jurisdiction if the only contact was an agency that was located in Kansas and neither the petitioner or the child resided in Kansas.
When either the petitioner is a Kansas resident or the child was a Kansas resident prior to receipt of custody by the agency, there should be no issue of whether substantial contacts exist and, therefore, K.S.A.59-2127 will not apply.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Mary Feighny Assistant Attorney General
CJS:JLM:MF:jm
[1] K.S.A. 59-2124.
[2] K.S.A. 59-2126(b).
[3] Special Interim Committee Report to the 1990 Kansas Legislature, Proposal # 31, December, 1989, pg. 417, 419; Minutes, House Judiciary Committee, March 28, 1990, Attachment III.